T.C. Memo. 2010-82

UNITED STATES TAX COURT

AILEEN YAT MUK LAM AND SHAOPING CHANG, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13302-08.          Filed April 19, 2010.

        R determined tax deficiencies and accuracy-related
penalties pursuant to sec. 6662(a), I.R.C., for Ps'
2004 and 2005 tax years.  The parties stipulated Ps'
deficiencies for 2004 and 2005.

        Held:  Ps are liable for sec. 6662(a), I.R.C.,
accuracy-related penalties for 2004 and 2005.

Aileen Yat Muk Lam and Shaoping Chang, pro sese.

Nathan C. Johnston, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  This case is before the Court on a petition for redetermination of deficiencies.  After concessions, the sole issue left for decision is whether petitioners are liable for section 6662(a)[1] accuracy-related penalties for tax years 2004 and 2005 of $1,013.80 and $867.80, respectively.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulations, with accompanying exhibits, are incorporated herein by this reference.  At the time the petition was filed, petitioners resided in California.

During 2004 and 2005 Aileen Yat Muk Lam (Ms. Lam) operated a real estate business and reported its income and expenses on Schedule C, Profit or Loss From Business.  Respondent issued a deficiency notice on February 25, 2008, determining that petitioners were liable for Federal income tax deficiencies of $5,069 for 2004 and $4,339 for 2005.  The notice of deficiency also determined that petitioners were liable for section 6662(a) accuracy-related penalties for 2004 and 2005 of $1,013.80 and $867.80, respectively.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the tax years at issue.

Petitioners' 2004 and 2005 joint Forms 1040, U.S. Individual Income Tax Return, were prepared by Ms. Lam using TurboTax. In 2004 and 2005, she reported expenses related to her real estate business as well as unrelated losses on a single Schedule C for each taxable year. Adjustments to this schedule resulted in most of petitioners' deficiencies and primarily stemmed from the fact that respondent disallowed petitioners' reported rental losses and recharacterized the trading losses as capital losses. The rental losses were disallowed under section 280A because the property was used for personal use, as her father lived in the rental property rent free.[2] The trading losses were allowable only as capital losses and were moved to Schedule D, Capital Gains and Losses. Similar adjustments were made for 2005.

On June 2, 2008, petitioners filed a timely petition with this Court arguing that they were not liable for the section 6662(a) accuracy-related penalties for 2004 and 2005. The parties filed a stipulation of settled issues in which petitioners conceded that they were liable for the tax deficiencies determined in respondent's notices of deficiency for both the 2004 and 2005 tax years. The stipulation left unresolved petitioners' liability for the section 6662 penalties.

---

[2]Sec. 280A generally disallows a deduction with respect to a dwelling unit if it is used by the taxpayer, or by a member of the taxpayer's family, as a residence. Under sec. 280A(d)(3)(A) a taxpayer is not treated as using a dwelling unit as a residence if the unit is rented to a family member at a fair rental price.

A trial on the penalty issues was held on June 18, 2009, in Los Angeles, California.

OPINION

## I. Burden of Proof

Under section 7491(c), respondent bears the burden of production with respect to petitioners' liability for the section 6662(a) penalties. This means that respondent "must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty." See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Respondent has met the section 7491(c) burden of production with respect to the accuracy-related penalty, as explained below. The Court ultimately finds unavailing petitioners' argument that they are not liable for the accuracy-related penalty for 2004 and 2005 because they acted with reasonable cause by making consistent mistakes using TurboTax to prepare their 2004 and 2005 joint Federal income tax returns.

## II. Accuracy-Related Penalty

Subsection (a) of section 6662 imposes an accuracy-related penalty of 20 percent of any underpayment that is attributable to causes specified in subsection (b). Respondent asserts that one or both of two causes justify the imposition of the penalty for each year: a substantial understatement of income tax and negligence. Sec. 6662(b)(1) and (2). The Court infers

respondent is aware that the deficiency for 2005, of less than $5,000, is too small to serve as the basis on which to impose a penalty for substantial understatement.

There is an exception to the section 6662(a) penalty when a taxpayer can demonstrate (1) reasonable cause for the underpayment and (2) that the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c)(1). Regulations promulgated under section 6664(c) further provide that the determination of reasonable cause and good faith "is made on a case-by-case basis, taking into account all pertinent facts and circumstances." Sec. 1.6664-4(b)(1), Income Tax Regs.

There is a "substantial understatement" of income tax for any tax year where the amount of the understatement exceeds the greater of (1) 10 percent of the tax required to be shown on the return for the tax year or (2) $5,000. Sec. 6662(d)(1)(A). However, the amount of the understatement is reduced to the extent attributable to an item (1) if there is or was substantial authority for the taxpayer's treatment thereof, or (2) with respect to which the relevant facts were adequately disclosed on the taxpayer's return or an attached statement and there is a reasonable basis for the taxpayer's treatment of the item. See sec. 6662(d)(2)(B). There is no substantial authority for the tax positions taken on petitioners' tax returns. Petitioners did not adequately disclose on either return or in a statement

attached to either return, the relevant facts affecting their treatment of any item in question, nor is there a reasonable basis for such treatment.

Section 6662(a) also imposes a penalty for negligence or disregard of the rules or regulations. Under this section "negligence" is "any failure to make a reasonable attempt to comply with the provisions of this title". Sec. 6662(c). Under caselaw, "'Negligence is a lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances.'" Freytag v. Commissioner, 89 T.C. 849, 887 (1987) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. on this issue 43 T.C. 168 (1964) and T.C. Memo. 1964-299), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991).

There is a substantial understatement of income tax for petitioners' 2004 return. For their 2004 tax year, petitioners reported no tax liability on their joint Federal income tax return. On the basis of the stipulations, petitioners' tax liability for 2004 was $5,069, a $5,069 understatement.

The amount of petitioners' 2005 deficiency is insufficient to justify a finding of a substantial understatement of income tax under section 6662(d)(1)(A). However, respondent also claims that petitioners were negligent in the preparation of their 2004 and 2005 federal income tax returns and that accordingly the

section 6662(a) penalty should be imposed for 2005 as well. At trial respondent argued that petitioners did not seek the help of a tax professional, consult the Internal Revenue Service (IRS), visit the IRS' Web site, or otherwise read any instructions for filing a Schedule C and thus petitioners did not behave reasonably in filing their 2004 and 2005 tax returns.

At trial Ms. Lam repeatedly argued that petitioners consistently filled out their tax returns using TurboTax and that she consistently confused capital gains and losses with ordinary income and expenses. Although the Court concludes the errors in petitioners' tax preparation were made in good faith, petitioners have not established that they behaved in a manner consistent with that of a prudent person. Before the trial petitioners stipulated that they did not consult a tax professional or visit the IRS' Web site for instructions on filing the Schedule C.

We do not accept petitioners' misuse of TurboTax, even if unintentional or accidental, as a defense to the penalties on the basis of the facts presented. See, e.g., Bunney v. Commissioner, 114 T.C. 259 (2000). But see Thompson v. Commissioner, T.C. Memo. 2007-174 (where, on the entire record, the Court did find that the taxpayer behaved reasonably in obtaining software to aid in the preparation of his return). At trial Ms. Lam did not attempt to show a reasonable cause for petitioners' underpayment of taxes. Instead, she analogized her situation to that of the

Secretary of the Treasury, Timothy Geithner.  Citing a Wikipedia article, Ms. Lam essentially argues that, like Secretary Geithner, she used TurboTax, resulting in mistakes on her taxes. In short, it was not a flaw in the TurboTax software which caused petitioners' tax deficiencies.  "Tax preparation software is only as good as the information one inputs into it."  Bunney v. Commissioner, supra at 267.  Because petitioners have not "shown that any of the conceded issues were anything but the result of [their] own negligence or disregard of regulations", they are liable for the section 6662(a) penalties.  Id.

The duty to file an accurate tax return generally cannot be avoided by shifting responsibility to a tax return preparer. See, e.g., Pritchett v. Commissioner, 63 T.C. 149, 174 (1974). However, reliance upon the advice of a tax professional may establish, if warranted by the facts and circumstances, reasonable cause and good faith for the purpose of avoiding a section 6662(a) penalty.  See United States v. Boyle, 469 U.S. 241, 250 (1985) ("Courts have frequently held that 'reasonable cause' is established when a taxpayer shows that he reasonably relied on the advice of an accountant or attorney").  Such reliance, "standing alone" does not serve as an "absolute defense to negligence"; it is merely "a factor to be considered." Freytag v. Commissioner, supra at 888; see also Neonatology Associates, P.A. v. Commissioner, 115 T.C. 43, 99 (2000), affd.

299 F.3d 221 (3d Cir. 2002).  However, Ms. Lam did not rely on a professional preparer, but used TurboTax and stipulated to preparing her own returns without a tax professional.

Respondent has satisfied the burden of production with respect to the section 6662(a) penalties.  Petitioners' understatement of tax on their 2004 return is substantial under section 6662(d)(1)(A) because it exceeds $5,000 and is greater than 10 percent of the amount required to be shown on their return.  Petitioners' 2004 and 2005 returns were both filed negligently.  The burden is therefore on petitioners to prove that they acted with reasonable cause and in good faith.  We find that petitioners failed to carry their burden.

III. <u>Conclusion</u>

Accordingly, the Court sustains respondent's determination that petitioners are liable for the section 6662(a) accuracy-related penalties for their 2004 and 2005 tax years.  The Court has considered all of petitioners' contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.