T.C. Memo. 2012-341

UNITED STATES TAX COURT

ROBERT PEREZ MORALES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

RONDA KAY MORALES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 4225-12, 5316-12.                    Filed December 6, 2012.

Robert Perez Morales, pro se in Docket No. 4225-12.

Ronda Kay Morales, pro se in Docket No. 5316-12.

Mark Howard, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KROUPA, Judge:  Respondent determined an $8,000 deficiency in and a

$1,600 accuracy-related penalty under section 6662(a) with respect to each

**[\*2]** petitioner's Federal income tax for 2008. We are asked to decide two issues. The first issue is whether petitioners are entitled to the first-time homebuyer credit provided in section 36.[1] We hold that they are not. The second issue is whether petitioners are liable for an accuracy-related penalty under section 6662(a). We hold that they are liable.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, with accompanying exhibits, is incorporated by this reference. Petitioners resided in Nevada when they filed the petitions.

Petitioners sold their principal residence on April 27, 2006. North American Title Company provided respondent a Form 1099-S, Proceeds From Real Estate Transactions, in connection with the sale. Petitioners purchased a property on March 17, 2009. This property included two different houses on the same lot (new principal residences). Each petitioner used one of the new principal residences as his or her separate personal residence.

---

[1]All section references are to the Internal Revenue Code (Code) in effect for 2008, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

**[*3]**  Petitioners each filed an income tax return for 2008, claiming an $8,000 first-time homebuyer credit.  Petitioners each used TurboTax, a tax preparation software, to prepare the tax return.

Respondent issued each petitioner a deficiency notice disallowing the claimed first-time homebuyer credit.  Petitioners each timely filed a petition for redetermination with this Court.

OPINION

We are asked to decide whether each petitioner is entitled to the first-time homebuyer credit.  A first-time homebuyer of a principal residence is entitled to a refundable tax credit subject to certain limitations.  Sec. 36(a).  Respondent contends that petitioners are not entitled to the claimed first-time homebuyer credits because they are not "first time home buyers."  We agree.

A first-time homebuyer is any individual who has had no present ownership interest in a principal residence during the 3-year period ending on the date of the purchase of the principal residence in question.  Sec. 36(c)(1); Foster v. Commissioner, 138 T.C. 51, 53 (2012).  Petitioners purchased the new principal residences on March 17, 2009.  Accordingly, petitioners are eligible as first-time homebuyers only if they had no present ownership interest in a principal residence between March 16, 2006, and March 17, 2009.  Petitioners sold their prior

**[\*4]** principal residence on April 27, 2006 and therefore had a present ownership interest in a principal residence during the relevant period. Petitioners are therefore not entitled to the claimed first-time homebuyer credit.

Petitioners argue that respondent is estopped from asserting that petitioners are not entitled to the first-time homebuyer credit for 2008 because an ordinary examination of the relevant tax documents (e.g., Form 1099-S) would have indicated that petitioners did not qualify for the credit. We disagree. Such a rule would place an undue burden on the Commissioner. See Warner v. Commissioner, 526 F.2d 1, 2 (9th Cir. 1975), aff'g T.C. Memo. 1974-243. In addition, it would undermine the effective administration of the tax laws. Id. It therefore does not constitute a ground for estoppel.

We now turn to respondent's determination that petitioners are liable for an accuracy-related penalty. We are unaware of any other case where the Commissioner sought the penalty in a first-time homebuyer credit case--an area that has been evolving since the recent enactment of section 36. A taxpayer may be liable for a 20% penalty on any underpayment of tax attributable to negligence or disregard of rules or regulations. See sec. 6662(a) and (b)(1) and (2); sec. 1.6662-2(a)(1) and (2), Income Tax Regs. Negligence is defined as the failure to make a reasonable attempt to comply with provisions of the Code, as well as any

[*5] failure by the taxpayer to keep adequate books and records or to substantiate deductions and credits claimed on the return. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. The term "disregard" includes any careless, reckless or intentional disregard. See sec. 6662(c).

Respondent has the burden of production regarding penalties and must come forward with sufficient evidence that it is appropriate to impose the penalty. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Respondent has shown that petitioners were negligent in claiming the first-time homebuyer credit by establishing that they claimed the credit even though they had a present ownership interest in a principal residence within three years of the purchase of the new principal residences. We find therefore that respondent has satisfied his burden of production.

The accuracy-related penalty does not apply, however, to any portion of an underpayment for which there was reasonable cause and where the taxpayer acted in good faith. See sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances, including the experience, knowledge and education of the taxpayer. Sec. 1.6664-4(a) and (b), Income Tax Regs. Generally, the most important factor

**[\*6]** is the extent of the taxpayer's effort to assess the taxpayer's proper tax liability. <u>Id.</u>

Petitioners contend that they used TurboTax to prepare the return and that TurboTax is responsible for them improperly claiming the first-time homebuyer credit. Tax preparation software is only as good as the information the taxpayer puts into it. <u>See</u> <u>Bunney v. Commissioner</u>, 114 T.C. 259, 266-267 (2000); <u>see also</u> <u>Anyika v. Commissioner</u>, T.C. Memo. 2011-69. We have held that the misuse of tax preparation software, even if unintentional or accidental, is no defense to penalties under section 6662. <u>See</u> <u>Anyika v. Commissioner</u>, T.C. Memo. 2011-69; <u>Lam v. Commissioner</u>, T.C. Memo. 2010-82.

The TurboTax instructions and the specific information petitioners entered into TurboTax is not in the record. Moreover, petitioners failed to introduce other evidence that demonstrates their improperly claiming the first-time homebuyer credit was the result of a TurboTax programming flaw or instructional error. We note we find it unlikely that TurboTax would allow a result inconsistent with the Code if its instructions were properly followed. Petitioners may have acted in good faith but likely made a mistake. <u>See</u> <u>Au v. Commissioner</u>, T.C. Memo. 2010-247, <u>aff'd</u>, ___Fed. Appx.___, 110 A.F.T.R.2d (RIA) 2012-6012 (9th Cir. Sept.

**[*7]** 21, 2012).  We find that petitioners' use of TurboTax is not a defense to the accuracy-related penalty.[2]

In addition, petitioners did not otherwise demonstrate that they acted with reasonable cause.  The record does not reflect that they relied on relevant authorities, competent advisers or otherwise made a reasonable effort to assess their proper tax liabilities.  We find that petitioners failed to establish that they acted with reasonable cause with respect to the underpayments for 2008.  Accordingly, we sustain respondent's determination that petitioners are liable for the accuracy-related penalty.

We have considered all arguments the parties made in reaching our holding, and, to the extent not mentioned, we find them irrelevant or without merit.

To reflect the foregoing,

<u>Decisions will be entered for</u>

<u>respondent</u>.

---

[2]We leave for another day whether reliance on tax preparation software such as TurboTax is sufficient to avoid the accuracy-related penalty where the taxpayer has provided evidence demonstrating a programming flaw or an instructional error.