**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PHU M. AU; YVONNE D. AU, | No. 11-70270 |
| Petitioners - Appellants, | Tax Ct. No. 16366-09 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Phu M. and Yvonne D. Au appeal pro se from the Tax Court's decision,

following a bench trial, upholding the Commissioner of Internal Revenue's

deficiency and additions for tax year 2006.  We have jurisdiction under 26 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 7482(a). We review de novo the Tax Court's legal conclusions, and for clear error its factual findings. *Johanson v. Comm'r*, 541 F.3d 973, 976 (9th Cir. 2008). We affirm.

The Tax Court properly upheld the tax deficiency because the Aus' gambling losses could only be deducted from gambling winnings. *See* 26 U.S.C. § 165(d) ("[l]osses from wagering transactions shall be allowed only to the extent of gains from such transactions")

The Tax Court did not clearly err by finding that the Aus were subject to the accuracy-related penalty for negligence under 26 U.S.C. § 6662(b) where they made no inquiry to confirm that their substantial deductions were allowable. *See Sparkman v. Comm'r*, 509 F.3d 1149, 1161 (9th Cir. 2007) ("The Tax Court's determination on a negligence penalty is reviewed for clear error.").

The Tax Court did not abuse its discretion in declining to appoint counsel where the Aus did not request counsel until the day of the trial and failed to show exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (standard of review and exceptional circumstances requirement).

The Aus' contention that they were forced to sign stipulations prior to trial is not supported by the record.

**AFFIRMED.**