**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-9

UNITED STATES TAX COURT

JOHN MCCORMACK AND MARCELLA MCCORMACK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25758-11S.                    Filed February 11, 2013.

John McCormack and Marcella McCormack, pro sese.

<u>Tyler N. Orlowski</u>, for respondent.

SUMMARY OPINION

HAINES, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant

to section 7463(b), the decision to be entered is not reviewable by any other court,

and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated September 19, 2011, respondent determined a deficiency in petitioners' 2009 Federal income tax of $18,420 and a section 6662[1] accuracy-related penalty of $3,684. After concessions by the parties,[2] the issues for decision are: (1) whether petitioners may depreciate and deduct section 179 expenses for a Mercedes-Benz (MB) 450 GL automobile purchased in October 2009; (2) whether petitioners may deduct losses from their rental real estate activities under the passive activity loss rules in section 469; and (3) whether petitioners are liable for accuracy-related penalties under section 6662(a).

## Background

Some of the facts are stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in California at the time their petition was filed.

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code in effect for 2009, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Petitioners concede that their 2009 Federal income tax return omitted from income $160 of ordinary dividends, $15 of taxable interest, $140 of qualified dividends, and $920 of short-term capital gains. Respondent concedes $12,169 of mortgage interest expense and $2,369 of real estate tax expenses petitioners claimed as rental expenses on Schedule E, Supplemental Income and Loss.

In 2009 Mr. McCormack was employed in the San Francisco area by Ranger Pipelines, Inc. Mrs. McCormack was employed by the City of San Francisco Fire Department. They have two children. They reported on their 2009 Form 1040, U.S. Individual Income Tax Return, combined wages of $254,627 with an adjusted gross income of $187,074 after deducting a loss of $41,818 on Schedule C, Profit or Loss From Business, a loss of $20,552 on Schedule E, and a loss of $5,183 on the sale of a car.

Mr. McCormack had been attempting for several years to develop a home renovation and repair business. The business was named Northside Construction and was identified as such on Schedule C. During 2009 Northside Construction had two jobs that generated $5,360 of gross receipts. The $41,818 loss deducted for the business was based primarily on $33,600 of depreciation and section 179 expense taken for the purchase of a 2007 MB 450 GL automobile that was acquired on October 5, 2009.[3] Respondent disputes the depreciation and section 179 expense, asserting that the car was used for personal, family, and household purposes. Petitioners claim that the car was used 100% of the time for business use in Northside Construction and for transportation by Mrs. McCormack for her San

---

[3] Form 4562, Depreciation and Amortization, lists an acquisition date of September 1, 2009, but the sales contract lists October 5, 2009. We apply the later date.

Francisco Fire Department responsibilities. Mr. McCormack kept a log for his business use of a Silverado truck on behalf of Ranger Pipelines, Inc., but did not keep the log in the automobile. Mrs. McCormack did not keep a log. Moreover, petitioners both admitted using the MB 450 GL automobile for personal, family, and household purposes.

Petitioners also purchased a residential rental property in Auburn, Georgia, in 2005. The Auburn property generated $4,200 in gross rents in 2009. Petitioners paid $2,026 to a management company that year. The $20,552 loss reported on Schedule E was primarily due to mortgage interest of $12,169 and real estate taxes of $2,369. Respondent has conceded the mortgage interest and real estate tax deductions but disputes the loss reported on Schedule E under the passive activity loss rules of section 469. Petitioners claim that they actively participated in the management of the property and that the entire Schedule E $20,552 loss should be allowed.

Petitioners also contend that they should not be liable for any section 6662(a) penalties because they relied on Carl T. Childs, doing business as Childs Tax & Acct. Service, Inc., to prepare their returns. Mr. Childs has a degree in accounting from Golden Gate University but is not a certified public accountant. He was given a summary of expenses with no receipts and told by petitioners that the automobile

was used 100% of the time for the business of Northside Construction and by Mrs. McCormack for fire department responsibilities.

## Discussion

### I. Burden of Proof

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer bears the burden of proving it incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving his entitlement to any deductions claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

### II. Section 179 Expense

Subject to certain limitations, taxpayers purchasing qualifying property may elect under section 179 to deduct the cost of the property in the year the property is placed in service. Qualifying section 179 property includes tangible property that is depreciable under section 168 and is described in section 1245(a)(3), but only if the property is acquired for use in the "active conduct of a trade or business." Sec. 179(d)(1). "[A]ctive conduct" means that the taxpayer actively participates in the management or operations of the trade or business. Sec. 1.179-2(c)(6)(ii), Income Tax Regs.

Although both petitioners testified that the automobile acquired in October 2009 was used 100% of the time in either Northside Construction or for services as an employee of the fire department, both admitted that the automobile was also used for personal, family, and household purposes.

An automobile is a "listed property", sec. 280F(d)(4); sec. 1.280F-6(b)(1)(i), Income Tax Regs. and is subject to the special limitations of section 280F(d), which provides in part:

> SEC. 280F(d). Definitions and Special Rules.--For purposes of this section--
>
> (1) Coordination with Section 179.-- Any deduction allowable under section 179 with respect to any listed property shall be subject to the limitations of subsections (a) and (b), and the limitation of paragraph (3) of this subsection, in the same manner as if it were a depreciation deduction allowable under section 168.
>
>      \*     \*     \*     \*     \*     \*     \*
>
> (3) Deductions of Employee.--
>
> (A) In general.--Any employee use of listed property shall not be treated as use in a trade or business for purposes of determining the amount of any depreciation deduction allowable to the employee \* \* \* unless such use is for the convenience of the employer and required as a condition of employment.

> (B) Employee use.--For purposes of subparagraph (A), the term "employee use" means any use in connection with the performance of services as an employee.

There is no evidence in the record that the city of San Francisco required its fire department personnel to use their own automobiles while employed for the city, nor is there any evidence to suggest that the city failed to supply vehicles to its employees to provide fire department services for its citizens. On the contrary, Mrs. McCormack testified that during 2009 she used fire engines and ambulances provided by the city and did not otherwise keep a record of mileage for the automobile use as an employee. Consequently, Mrs. McCormack's use of the automobile as an employee of the city of San Francisco is not treated as business use for purposes of the Internal Revenue Code. When Mrs. McCormick's use of the automobile as an employee is coupled with the admitted personal use of the automobile for family and household purposes and the limited business use by Mr. McCormack, the Court holds that the business use of the automobile was less than 50%. Therefore, pursuant to section 1.280F-3T(c)(1), Temporary Income Tax Regs., 49 Fed. Reg. 42708 (Oct. 24, 1984):

> Limitation on the method of cost recovery under section 168 when business use of property not greater than 50%--(1) Year of acquisition. --If any listed property * * * is not predominantly used in a qualified business use * * * in the year it is acquired, the recovery deductions

> allowed under section 168 for the property for that taxable year and for succeeding taxable years are to be determined using the straight line method over its earnings and profits life * * *. <u>Additionally, the taxpayer is not entitled to make any election under section 179 with respect to the property for that year</u>. [Emphasis added.]

Petitioners may not deduct section 179 expenses for the MB 450 GL automobile purchased October 5, 2009. Furthermore, because of the failure to substantiate business use by means of a log or otherwise, no depreciation on the automobile, a listed property, may be claimed.

## III. Passive Activity Losses

Section 469 generally disallows passive activity losses for any taxable year. A passive activity loss is defined as the excess of the aggregate losses from all passive activities for a taxable year over the aggregate income from all passive activities for that year. Sec. 469(d)(1). Passive activities include any trade or business in which the taxpayer does not materially participate, sec. 469(c)(1), or, to the extent provided in regulations, any activity with respect to which expenses are allowable as a deduction under section 212, sec. 469(c)(6)(B).

Rental activity is generally treated as per se passive regardless of whether the taxpayer materially participates. Sec. 469(c)(2), (4). There is, however, an exception for passive activity losses up to $25,000 under section 469(i) for a taxpayer who actively participates in rental real estate activities. Taxpayers may

satisfy the active participation requirement by participating in management decisions, such as approving new tenants, deciding rental terms, and arranging services and repairs. Madler v. Commissioner, T.C. Memo. 1998-112. Petitioners claim to have actively participated in the management of the Auburn, Georgia, rental even though they retained a management company for the property in 2009. Respondent disputes active participation.

The active participation issue is irrelevant because the $25,000 amount begins to phase out when the taxpayer's adjusted gross income, determined without regard to any passive activity loss, exceeds $100,000, and is phased out entirely when the taxpayer's adjusted gross income reaches $150,000. Sec. 469(i)(3)(F)(iv). Without the passive activity loss taken, petitioner's adjusted gross income for 2009 is $207,626. See Moss v. Commissioner, 135 T.C. 365, 371-372 (2010). Therefore, they are not entitled to deduct any passive activity losses in excess of gross rentals under section 469(i)(3).

## IV. Accuracy-Related Penalties

Respondent determined in the notice of deficiency that petitioners are liable for a section 6662 accuracy-related penalty of $3,684 for 2009.

Section 6662(a) and (b)(1) and (2) provides for the imposition of an accuracy-related penalty equal to 20% of the underpayment attributable to any substantial

understatement of income tax or to negligence or disregard of rules or regulations. However, no penalty will be imposed under section 6662(a) if the taxpayers establish that they acted with reasonable cause and in good faith. Sec. 6664(c)(1). Circumstances that indicate reasonable cause and good faith include reliance on the advice of a tax professional or an honest misunderstanding of the law that is reasonable in the light of all the facts and circumstances. Sec. 1.6664-4(b), Income Tax Regs.; see Higbee v. Commissioner, 116 T.C. 438, 449 (2001). The taxpayers have the burden of proving that they acted with reasonable cause and in good faith. Rule 142(a).

Petitioners dispute the penalty respondent determined, claiming that they relied upon their accountant to file an accurate return. However, the record reveals that Mr. Childs, the accountant, relied upon representations made by petitioners, not the other way around. Therefore, the petitioners are liable for the section 6662(a) penalty.

In reaching these holdings, the Court has considered all arguments made and, to the extent not mentioned, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.
