T.C. Memo. 2014-39

UNITED STATES TAX COURT

JULIE A. ODERIO, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11264-12.                    Filed March 10, 2014.

Julie A. Oderio, pro se.

Kaelyn J. Romey, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, Judge:  Respondent determined a $9,267[1] deficiency in

petitioner's Federal income tax and a $1,853 accuracy-related penalty under

_____

[1]All amounts are rounded to the nearest dollar.

[*2] section 6662(a)[2] for 2008.  There are two issues for decision.  The first issue is whether petitioner is entitled to a rental loss deduction for 2008.  The second issue is whether petitioner is liable for the accuracy-related penalty.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  The stipulation of facts, together with the attached exhibits, is incorporated herein by this reference.  Petitioner resided in California when the petition was filed.

Petitioner was married to and lived with Jason Oderio at all relevant times.  During 2008 petitioner worked full time as an employee for RREEF, a real estate investment company, and did not own more than a 5% interest in RREEF.  Also in 2008 petitioner had a rental property in San Jose, California (rental property).

Petitioner filed an income tax return for 2008.  On the return she claimed a filing status of married filing separately and a deduction for a rental loss of $29,583 (rental loss) with respect to the rental property.  John Deboni prepared petitioner's 2008 return.  Mr. Deboni did not testify, and the record does not otherwise reflect his credentials.

---

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the taxable year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** Respondent issued petitioner a deficiency notice disallowing the claimed rental loss deduction. Petitioner filed a petition with this Court challenging respondent's determination.

OPINION

## I. Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); see Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden of proof may shift to the Commissioner if the taxpayer proves that he or she has satisfied certain requirements. Sec. 7491(a); see Baker v. Commissioner, 122 T.C. 143, 168 (2004). Petitioner has neither claimed that the burden shifts to respondent nor shown that she complied with the requirements of section 7491(a). The burden of proof, therefore, remains on petitioner. See Rule 142(a).

## II. Disallowed Rental Loss Deduction

Taxpayers are allowed deductions for certain business and investment expenses under sections 162 and 212. However, section 469 generally disallows the current deduction of any passive activity loss. A passive activity loss is defined as the excess of the aggregate losses from all passive activities for that year over the aggregate income from all passive activities for the year. Sec.

[*4] 469(d)(1). A passive activity is any trade or business in which the taxpayer does not materially participate. Sec. 469(c)(1).

Rental activity is generally treated as per se passive regardless of whether the taxpayer materially participates. Sec. 469(c)(2). However, the rental activity of a taxpayer is not treated as per se passive if the taxpayer satisfies the requirements of section 469(c)(7)(B). Sec. 469(c)(7)(A)(i). A taxpayer meets the requirements of section 469(c)(7)(B) if he or she establishes the following:

> (i) more than one-half of the personal services performed in trades or businesses by the taxpayer during such taxable year are performed in real property trades or businesses in which the taxpayer materially participates, and
>
> (ii) such taxpayer performs more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates.

> In the case of a joint return, the requirements of the preceding sentence are satisfied if and only if either spouse separately satisfies such requirements. For purposes of the preceding sentence, activities in which a spouse materially participates shall be determined under subsection (h).

Sec. 469(c)(7)(B)(i) and (ii).

Petitioner concedes that she does not separately satisfy the requirements of section 469(c)(7)(B). However, she argues that her spouse does and therefore she satisfies them too. Petitioner relies on section 1.469-9(c)(4), Income Tax Regs.,

**[*5]** and section 1.469-5T(f)(3), Temporary Income Tax Regs., 53 Fed. Reg. 5727 (Feb. 25, 1988), as support for her argument.  She contends that, under those regulations, her spouse's efforts are attributable to her for purposes of satisfying the requirements of section 469(c)(7)(B), regardless of whether the spouses file a joint return.  We disagree.

Section 1.469-5T(f)(3), Temporary Income Tax Regs., supra, treats the participation of a taxpayer's spouse in an activity as participation by the taxpayer for purposes of section 469 and its regulations without regard to whether the spouses file a joint return.  Section 1.469-9(c)(4), Income Tax Regs., clarifies the scope of attribution as it relates to satisfying the requirements of section 469(c)(7)(B).  It provides in pertinent part:

> Spouses filing a joint return are qualifying taxpayers[3] only if one spouse separately satisfies both requirements of section 469(c)(7)(B).  In determining the real property trades or businesses in which a married taxpayer materially participates (but not for any other purpose under this paragraph (c)), work performed by the taxpayer's spouse in a trade or business is treated as work performed by the taxpayer under § 1.469-5T(f)(3), regardless of whether the spouses file a joint return for the year.  [Emphasis added.]

---

[3]The rental real estate activity of a "qualifying taxpayer" under sec. 1.469-9, Income Tax Regs., is exempt from per se passive activity loss treatment.  Sec. 1.469-9(e), Income Tax Regs.

**[*6]** The parenthetical "(but not for any other purpose under this paragraph(c))" limits the use of spousal attribution under section 1.469-5T(f)(3), Temporary Income Tax Regs., supra, for purposes of satisfying the section 469(c)(7)(B) requirements to the material participation requirements of that section. Thus, while the sections petitioner cites do allow for spousal attribution with respect to the material participation requirements of section 469(c)(7)(B), they do not, as she contends, allow for spousal attribution for purposes of meeting its other requirements, namely, that a taxpayer perform more than one half of his or her personal services and more than 750 hours in real estate trades or businesses.

Respondent argues that because petitioner did not file a joint return with her spouse, she cannot satisfy the section 469(c)(7)(B) requirements through her spouse and must separately satisfy them herself. We agree.

The flush language of section 469(c)(7)(B) generally states that a taxpayer must separately satisfy its requirements. It provides an exception to this general rule "[i]n the case of a joint return". Sec. 469(c)(7)(B). In that special circumstance, a taxpayer's rental activity is not treated as a per se passive activity if either spouse meets its requirements. Id.

We are mindful of the statutory canon of construction "expressio unius est exclusio alterius", meaning that if a statute provides specific exceptions to a

**[\*7]** general rule, we may infer that Congress intended to exclude any further exceptions "'in the absence of contrary legislative intent.'" United States v. Smith, 499 U.S. 160, 167 (1991) (quoting Andrus v. Glover Constr. Co., 446 U.S. 608, 616-617 (1980)); Catterall v. Commissioner, 68 T.C. 413, 421 (1977), aff'd sub nom. Vorbleski v. Commissioner, 589 F.2d 123 (3d Cir. 1978). Petitioner does not cite any contrary legislative intent, nor do we find any. Consequently, the canon "expressio unius est exclusio alterius" applies and allows us to infer that Congress did not intend any further exceptions to the requirements under section 469(c)(7)(B). It follows that taxpayers not filing a joint return must separately satisfy the requirements of section 469(c)(7)(B).

Our interpretation of section 469(c)(7)(B) is bolstered by another well-accepted statutory canon of construction, that a statute ought to be construed so that no clause, sentence, or word is rendered superfluous, void, or insignificant. Duncan v. Walker, 533 U.S. 167, 174 (2001); see also Weinberger v. Hynson, Westcott & Dunning, Inc., 412 U.S. 609, 633 (1973) ("[A]ll parts of a statute, if at all possible, are to be given effect."). Petitioner's interpretation of section 469(c)(7) would render meaningless the words "[i]n the case of a joint return". That is, if a married taxpayer satisfies the section 469(c)(7)(B) requirements by virtue of his or her spouse's satisfying them irrespective of a joint return's being

**[\*8]** filed, then the words "[i]n the case of a joint return" would not limit, modify, or otherwise perform any function in the statute.

We hold that a married taxpayer filing separately must separately satisfy the requirements of section 469(c)(7)(B) to avoid per se passive activity loss treatment. Because petitioner has conceded that she does not separately meet all the requirements of section 469(c)(7)(B), we sustain respondent's determination disallowing the rental loss deduction.[4]

## III. Accuracy-Related Penalty

We now turn to respondent's determination that petitioner is liable for an accuracy-related penalty on her underpayment for substantially understating her income tax liability.[5] Section 6662(a) and (b)(2) imposes a 20% accuracy-related penalty upon any underpayment of tax resulting from a substantial understatement of income tax. An understatement of income tax is substantial if it exceeds the

---

[4]We note that petitioner is not entitled to deduct her rental losses under sec. 469(i)(1) because she was married and living with her spouse in 2008. See sec. 469(i)(5)(B).

[5]Respondent also determined that petitioner was liable for the accuracy-related penalty because her underpayment was attributable to negligence or disregard of rules or regulations. We need not address this ground for imposing the penalty because of our holding that petitioner substantially understated her income tax for 2008.

**[*9]** greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A).

Under section 7491(c), respondent bears the burden of production with respect to petitioner's liability for any accuracy-related penalty. To meet this burden, respondent "must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty." See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once respondent sustains his burden of production, however, petitioner bears the burden of proving that the penalty is unwarranted by establishing an affirmative defense such as reasonable cause or substantial authority. See id. at 446-447.

Petitioner's understatement of income tax as reflected in the notice of deficiency is greater than both $5,000 and 10% of the tax required to be shown on the return for 2008. Accordingly, respondent has met his burden of production.

The accuracy-related penalty is not imposed with respect to any portion of the underpayment of tax if the taxpayer can establish that he acted with reasonable cause and in good faith with respect to that portion. Sec. 6664(c)(1). The burden is upon the taxpayer to prove reasonable cause. See Higbee v. Commissioner, 116 T.C. at 447-449. We determine whether a taxpayer acted with reasonable cause and in good faith by considering the pertinent facts and circumstances, including

**[\*10]** the taxpayer's efforts to assess his or her proper tax liability, the taxpayer's knowledge and experience, and the reliance on the advice of a professional. Sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor is the extent of the taxpayer's effort to assess the proper tax liability. Id.

Petitioner seeks to defend against the accuracy-related penalty by asserting that she relied on a tax professional in filing her 2008 return. Reliance upon the advice of a professional may demonstrate a taxpayer acted with reasonable cause and in good faith. Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 98-99 (2000), aff'd, 299 F.2d 221 (3d Cir. 2002); Freytag v. Commissioner, 89 T.C. 849, 888 (1987), aff'd, 904 F.2d 1011 (5th Cir. 1990), aff'd, 501 U.S. 868 (1991); see sec. 1.6664-4(c)(1), Income Tax Regs. However, a taxpayer's reliance upon the advice of a professional does not automatically constitute reasonable cause. Neonatology Assocs., P.A. v. Commissioner, 115 T.C. at 98-99; see sec. 1.6664-4(c)(1), Income Tax Regs. For a taxpayer to reasonably rely on the advice of a professional, the taxpayer must show: (1) the adviser was a competent professional who had sufficient expertise to justify reliance; (2) the taxpayer provided necessary and accurate information to the adviser; and (3) the taxpayer actually relied in good faith on the adviser's judgment. Neonatology Assocs., P.A. v. Commissioner, 115 T.C. at 98-99.

**[*11]** Petitioner contends that she relied on Mr. Deboni to prepare her return correctly. However, petitioner did not call Mr. Deboni as a witness, nor did she introduce evidence which would establish that Mr. Deboni possessed the requisite expertise.

Even assuming he did, petitioner did not show that she sought or received specific advice concerning her decision to claim the rental loss deduction on a separately filed tax return for 2008. The mere fact that because a tax professional has prepared a tax return does not mean that he or she has opined on any or all of the items reported on the return. See id. at 100.

Finally, assuming Mr. Deboni advised petitioner on her decision to claim the rental loss deduction, petitioner has failed to show, among other things, that: (1) any such advice was based on all the facts and circumstances, (2) all the relevant facts were disclosed, and (3) any such advice was based on reasonable factual or legal assumptions. We find petitioner has not met her burden to show she reasonably relied in good faith on advice from Mr. Deboni in claiming the rental loss deduction on her 2008 return. Accordingly, we sustain respondent's accuracy-related penalty determination for 2008.

**[\*12]** In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.