T.C. Memo. 2018-108

UNITED STATES TAX COURT

MARK E. BALOCCO AND PATRICIA A. BALOCCO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 15577-16, 2551-17.            Filed July 9, 2018.

<u>Sandeep Singh</u> and <u>Cliff Capdevielle</u>, for petitioners.

<u>Victoria Z. Gu</u> and <u>Jason T. Scott</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, <u>Judge</u>:  In these consolidated cases, respondent determined the following deficiencies and penalties with respect to petitioners' Federal income tax for tax years 2013-15:

[*2]

| Year | Deficiency | Penalty sec. 6662(a) |
|------|-----------|----------------------|
| 2013 | $10,253 | $2,050 |
| 2014 | 19,221 | 3,844 |
| 2015 | 12,608 | 2,521 |

Unless otherwise indicated all section references are to the Internal Revenue Code (Code) in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions there are two remaining issues for consideration: (1) whether petitioners are entitled to deduct various expenses reported on their Schedules C, Profit or Loss From Business, for tax years 2013 and 2014 and (2) whether petitioners are entitled to a deduction for the rental real estate loss they reported on their Schedule E, Supplemental Income and Loss, for tax year 2014.

## FINDINGS OF FACT

Some of the facts are stipulated and are so found. Petitioners resided in California when they timely filed their petitions.

### Petitioner Husband

During the tax years at issue petitioner husband worked as an operations manager at Criterion Catalysts, a subsidiary of Royal Dutch Shell, Inc. He had

**[*3]** transitioned to that role in 2013 and begun working between 60 and 70 hours a week.

Petitioner husband owned a Cessna A185F airplane during the tax years at issue. He has been flying airplanes since 1981.

In 2011 petitioner husband started a business with his brother. The purpose of the business was to purchase and flip homes after making renovations. The brothers set up their business as a limited liability company, Balocco Properties, LLC, in 2015. Before petitioner husband started the business with his brother, petitioners had flipped a home in 2004, petitioner husband had assisted his parents in flipping a home,[1] and he and his brother had flipped a home on behalf of their parents.[2]

Petitioner husband's parents created the Balocco Family Trust (Trust) in 2008. In January 2011 petitioner husband and his brother became acting trustees for the Trust. The Trust became irrevocable in January 2013. On April 17, 2012, the Trust bought a home in Brentwood, California. The Trust also sold this home

---

[1]Petitioner husband's parents' names are on documents pertaining to the purchase and sale.

[2]Petitioner husband's parents' names are on the purchase agreement.

[*4] in 2012.  At the time of the sale the Trust was still a revocable trust which paid income to petitioner husband's mother.

In 2013 petitioner husband looked at several homes, but he and his brother did not purchase any.  All of the homes were in the Sacramento, California, area, and a real estate agent assisted in finding the properties.  Petitioner husband would use his airplane to travel to the properties.  He did not provide a flight log regarding this travel for 2013.

Petitioner husband lived a driving distance of approximately two to three hours from the Sacramento area.  Flight time to the Sacramento area was 30 minutes.  Usually petitioner husband would travel via airplane by himself to look at properties, and he would either rent a car or arrange to be picked up from the airport.  Petitioner husband's brother did not fly with him and did not use the airplane.

In 2014 petitioner husband continued to look for properties to purchase in the Sacramento area.  He used a real estate agent different from the one engaged in 2013.  Petitioner husband also looked at properties in Bend, Oregon, but made no offers on any properties.  He also looked at properties in the Minden, Nevada, area but did not make any offers.  In 2014 petitioner husband and his brother did not purchase or sell any properties.

[*5]  In 2014 petitioner husband used his airplane to travel to properties in California, Oregon, and Nevada.  The drive from his home to Minden, Nevada, was approximately four hours, and the flying time was approximately 80 minutes.  Petitioner husband maintained a flight log for 2014 which included personal travel.

Schedules C

For tax years 2013 and 2014 petitioners reported no gross receipts on their Schedules C for petitioner husband's investment management business.  On their Schedules C petitioners claimed deductions for the following:

| Deduction | Tax year 2013 | Tax year 2014 |
| --- | --- | --- |
| Depreciation and sec. 179 expense deduction | $12,920 | $22,887 |
| Insurance (other than health) | 1,874 | 2,099 |
| Interest (other) | 3,361 | 3,618 |
| Repairs and maintenance | 11,053 | 8,594 |
| Taxes and licenses | 1,411 | 1,320 |
| Aviation fuel | 1,226 | 1,714 |
| Hangar airport | -0- | 709 |
| Total | 31,845 | 40,941 |

[*6] Petitioners' Rental Properties

During tax years 2013 and 2014 petitioner wife was a licensed real estate agent. She has been in the real estate industry since 2001. Petitioners owned two rental properties in 2014 on Isabella Court (Isabella property) and Asini Court (Asini property) in Sparks, Nevada (Sparks). The Isabella property was purchased in October 2014, and the Asini property was purchased in November 2014. A real estate agent in Sparks helped them find properties and, once the properties were purchased, individuals to rent the properties.

Petitioner husband flew to Sparks several times to look at real estate before the purchases of the two properties. Petitioner wife flew with him two or three times, but she preferred to drive. Petitioner hired landscapers to work on the properties. Service providers were hired to provide window coverings for both properties.

Petitioners rented the Isabella property on December 1, 2014. They reported rental income of $2,500 for the Isabella property on their Schedule E for tax year 2014. The Asini property was not rented until 2015, and they reported no rental income for the Asini property on their Schedule E for tax year 2014.

On their Schedule E for tax year 2014 petitioners reported losses for both properties totaling $17,588. Petitioners did not attach a statement to their 2014 tax

[*7] return electing to treat all real estate as one rental real estate activity. They did not file an amended tax return for 2014.

Both petitioners had real estate logbooks. Petitioner husband's logbook pertained to the Isabella and Asini properties. Petitioner wife's logbook included additional properties. She prepared her logbook in preparation for trial.

OPINION

I.     Burden of Proof

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and a taxpayer bears the burden of proving those determinations are erroneous. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). In order to shift the burden the taxpayer must comply with all substantiation and recordkeeping requirements and cooperate with all reasonable requests by the Commissioner for witnesses, information, documents, meetings, and interviews, pursuant to section 7491(a)(2). See Higbee v. Commissioner, 116 T.C. 438, 441 (2001). Petitioners did not argue that the burden should shift, and they failed to introduce credible evidence that respondent's determinations are incorrect.

**[\*8]** II.  <u>Schedule C Expenses</u>

Section 162(a) allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred in carrying on a trade or business.  Except as provided in section 183, no deduction is allowed for an expense incurred in connection with an activity that is not engaged in for profit.  <u>See</u> sec. 183(a); sec. 1.183-2(a), Income Tax Regs.  An ordinary expense is one that commonly or frequently occurs in the taxpayer's business, <u>Deputy v. du Pont</u>, 308 U.S. 488, 495 (1940), and a necessary expense is one that is appropriate and helpful in carrying on the taxpayer's business, <u>Welch v. Helvering</u>, 290 U.S. at 113.  The expense must directly connect with or pertain to the taxpayer's business.  Sec. 1.162-1(a), Income Tax Regs.  A taxpayer may not deduct a personal, living, or family expense unless the Code expressly provides otherwise.  Sec. 262(a).

Whether an expenditure is ordinary and necessary is generally a question of fact.  <u>Commissioner v. Heininger</u>, 320 U.S. 467, 475 (1943).  A taxpayer must show a bona fide business purpose for the expenditure; there must also be a proximate relationship between the expenditure and his or her business.  <u>Challenge Mfg. Co. v. Commissioner</u>, 37 T.C. 650 (1962); <u>see also</u> <u>Heinbockel v. Commissioner</u>, T.C. Memo. 2013-125.  In general, where an expense is primarily associated with profit-motivated purposes and personal benefit can be said to be

**[\*9]** distinctly secondary and incidental, it may be deducted under section 162(a). Int'l Artists, Ltd. v. Commissioner, 55 T.C. 94, 104 (1970); see also G.D. Parker, Inc. v. Commissioner, T.C. Memo. 2012-327. Conversely, if an expense is primarily motivated by personal considerations, no deduction for it will be allowed under section 162(a). Henry v. Commissioner, 36 T.C. 879, 884 (1961); see also G.D. Parker, Inc. v. Commissioner, at \*15. A taxpayer's general statement that his or her expenses were incurred in pursuit of a trade or business is not sufficient to establish that the expenses had a reasonably direct relationship to any such trade or business. Ferrer v. Commissioner, 50 T.C. 177, 185 (1968), aff'd per curiam, 409 F.2d 1359 (2d Cir. 1969); see also Adams v. Commissioner, T.C. Memo. 2013-92.

Deductions are a matter of legislative grace, and a taxpayer must prove his or her entitlement to a deduction. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers are required to substantiate the expense underlying each claimed deduction by maintaining records sufficient to establish the amount and to enable the Commissioner to determine the correct tax liability. Sec. 6001; Higbee v. Commissioner, 116 T.C. at 440.

[*10] Normally, the Court may estimate the amount of a deductible expense if a taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). This principle is often referred to as the Cohan rule. See e.g., Estate of Reinke v. Commissioner, 46 F.3d 760, 764 (8th Cir. 1995), aff'g T.C. Memo. 1993-197.

Certain expenses specified in section 274 are subject to strict substantiation rules. No deductions under section 162 shall be allowed for "listed property" as defined in section 280F(d)(4), "unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement". Sec. 274(d) (flush language). Listed property includes passenger automobiles and other property used for transportation, including airplanes. Sec. 280F(d)(4)(A)(i) and (ii); sec. 1.280F-6(b)(2), Income Tax Regs.

To meet these strict substantiation rules, a taxpayer must substantiate by adequate records or by sufficient evidence corroborating the taxpayer's own statement (1) the amount, (2) the time and place of the travel or use, and (3) the business purpose. Sec. 274(d). To substantiate by adequate records, the taxpayer must provide (1) an account book, log, or similar record and (2) documentary evidence, which together are sufficient to establish each element of an

[*11] expenditure. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Documentary evidence includes receipts, paid bills, or similar evidence. Sec. 1.274-5(c)(2)(iii), Income Tax Regs. To substantiate by sufficient evidence corroborating the taxpayer's own statement, the taxpayer must establish each element by his or her own statement and by documentary evidence or other direct evidence. Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985). To establish the business purpose of an expenditure, however, a taxpayer may corroborate his or her own statement with circumstantial evidence. Id.

Respondent contends that the expenses reported on petitioners' Schedules C are for the maintenance of petitioner husband's airplane and that these expenses are not ordinary and necessary and were not substantiated. Petitioners contend that petitioner husband's business was a trade or business pursuant to section 162 and not an activity not engaged in for profit pursuant to section 183 and that the expenses were ordinary and necessary. Since we conclude that the deductions are not allowable as ordinary and necessary and were not substantiated, we do not need to determine whether petitioner husband's Schedule C business was a trade or business within the meaning of section 162 or an activity not engaged in for profit pursuant to section 183.

**[\*12]** All of petitioners' Schedule C deductions for tax years 2013 and 2014 were attributable to petitioner husband's airplane. We first determine whether the deductions are ordinary and necessary. These deductions included depreciation of the airplane. The authority for deducting an allowance for depreciation is section 168, and therefore it is not treated as trade or business expense. Noyce v. Commissioner, 97 T.C. 670, 688 (1991). We will not include the depreciation of the airplane for our determination of whether the Schedule C expenses are both reasonable and ordinary and necessary.

Only petitioner husband used the airplane; his brother did not. During tax years 2013 and 2014 petitioner husband and his brother purchased no investment properties. Petitioners reported no gross receipts for petitioner husband's Schedule C business for tax years 2013 and 2014.

Petitioner husband used his airplane to fly to locations that he could have driven to or flown to commercially. All of the properties that petitioner husband testified he looked at in 2013 were in the Sacramento area. He testified that he used the airplane in 2014 to fly to Sparks. These trips to Sparks were included in his flight log for 2014. They were not business trips because they pertain to the real estate that he purchased with his wife and therefore were not for his Schedule C business.

**[\*13]** For an expense to be considered ordinary and necessary, it must also be reasonable. Noyce v. Commissioner, 97 T.C. at 687; sec. 1.162-2(a) Income Tax Regs. There is no evidence to support petitioner husband's claim that use of the airplane was reasonable. Petitioners deducted $18,925 and $18,054 for expenses related to the airplane for tax years 2013 and 2014, respectively.

He did not show that maintaining and flying his own airplane provided any cost savings or was necessary for his business. He contends that he needed to fly because of a busy schedule. However, he provided no evidence to show that he would have been unable to look at a property without flying. There is also no evidence to support the necessity of using the airplane for the success of his business.

Even if the expenses were ordinary and necessary they would not be deductible because they were not substantiated. Petitioner husband testified that he visited numerous properties during 2013 and 2014. The properties visited in 2013 were all in the Sacramento area. He testified that he made offers on several properties. According to his testimony only one offer was accepted in 2013, but he withdrew the offer after an inspection of the property. However, he provided no supporting documentation regarding any of the offers he made on properties. He maintained no flight log for his airplane use in 2013.

[*14] Petitioner husband kept a flight log only for 2014, and this log is insufficient to meet the requirements of section 274(d). Some of the business trips listed on the logs were visits to relatives. Others were described as business related, but petitioner husband provided no documentation supporting the purpose of these trips. Several of the trips pertained to the Spark real estate properties. Petitioner and his wife owned the Spark properties. These properties were not purchased on behalf of the business reported on the Schedule C.

Petitioner husband's testimony was inconsistent with the flights listed in the flight log. For example, he testified that he flew to Citrus Heights, California, but no trips to Citrus Heights were recorded in the log. Petitioners provided bank records, copies of receipts, and maintenance records for the airplane. However, these records provided no information as to how these expenses were related to the airplane's business use.

Petitioners have not provided documentation supporting their claim that the expenses reported on the Schedules C were business expenses. They acknowledge that the airplane was for both personal and business use. They claimed 70% and 71% of the airplane's use was for business in 2013 and 2014, respectively. Petitioners provided no evidence supporting these calculations. They did not meet the requirement of section 274(d), and therefore the expenses are not deductible.

**[*15]** As for the depreciation of the airplane, section 274(d) also disallows any deduction otherwise allowable under sections 167 and 168 with respect to any listed property unless the taxpayer satisfies the substantiation requirements of that section. See Weekend Warrior Trailers, Inc. v. Commissioner, T.C. Memo. 2011-105, slip op. at 56. Since an airplane is listed property, the substantiation requirements of section 274 need to be met in order to deduct the depreciation of the airplane. See sec. 1.280F-6(b)(2), Income Tax Regs.

As we discussed previously, petitioner husband did not keep a flight log for 2013 and there were discrepancies in the flight log for 2014. Petitioner husband did not produce adequate records to show each element of the business use. See sec. 1.274-5T(c)(2)(ii)(C)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46018 (Nov. 6, 1985). We conclude that the requirements of section 274(d) for a depreciation deduction were not met.

III. Schedule E Real Estate Loss

Taxpayers may deduct certain business and investment expenses under section 162. However, if the taxpayer is an individual, section 469 generally disallows any passive activity loss deduction for the taxable year and treats it as a deduction or credit for the next taxable year. Sec. 469(a) and (b). A passive activity loss is defined as the excess of the aggregate losses from all passive

[*16] activities for the taxable year over the aggregate income from all passive activities for that year. Sec. 469(d)(1). A passive activity is any trade or business in which the taxpayer does not materially participate. Sec. 469(c)(1). A taxpayer is treated as materially participating in an activity only if his or her involvement in the operations of the activity is regular, continuous, and substantial. Sec. 469(h)(1)(A)-(C). Rental activity is generally treated as a per se passive activity regardless of whether the taxpayer materially participates. Sec. 469(c)(2).

Section 469(c)(7) provides an exception to the rule that a rental activity is per se passive. The rental activities of a taxpayer in a real property trade or business (a real estate professional) are not subject to the per se rule of section 469(c)(2). Sec. 469(c)(7)(A); see Kosonen v. Commissioner, T.C. Memo. 2000-107, slip op. at 9; sec. 1.469-9(b)(6), (c)(1), Income Tax Regs. Rather, the rental activities of a real estate professional are subject to the material participation requirements of section 469(c)(1). See sec. 1.469-9(e)(1), Income Tax Regs.

A taxpayer qualifies as a real estate professional if: (1) more than one-half of the personal services performed in trades and businesses by the taxpayer during the taxable year are performed in real property trades or businesses in which the taxpayer materially participates and (2) the taxpayer performs more than 750 hours of services during the taxable year in real property trades or businesses in which

[*17] the taxpayer materially participates. Sec. 469(c)(7)(B)(i) and (ii). In case of a joint return the above requirements are satisfied if and only if either spouse separately satisfied these requirements. Sec. 469(c)(7)(B).

A taxpayer is considered to have materially participated in an activity if one of the seven tests listed in the regulations is satisfied. Sec. 1.469-5T(a), Temporary Income Tax Regs., 53 Fed. Reg. 5725-5726 (Feb. 25, 1988). A taxpayer may establish hours of participation by any reasonable means. Id. para. (f)(4), 53 Fed. Reg. 5727. Contemporaneous daily reports are not required if the taxpayer can establish participation by other reasonable means. Id. Reasonable means includes "appointment books, calendars, or narrative summaries" that identify the services performed and "the approximate number of hours spent performing such services". Id. We have noted previously that we are not required to accept a postevent "ballpark guesstimate" or the unverified, undocumented testimony of taxpayers. See, e.g., Moss v. Commissioner, 135 T.C. 365, 369 (2010); Lum v. Commissioner, T.C. Memo. 2012-103; Estate of Stangeland v. Commissioner, T.C. Memo. 2010-185.

Respondent concedes that petitioner wife met the first prong of the test to qualify as a real estate professional because more than one-half of her personal services were performed in a real property trade or business. Petitioners contend

[*18] that petitioner wife met the 750-hour requirement. If a taxpayer is married, activity by the taxpayer's spouse counts in determining "material participation" by the taxpayer. See sec. 469(h)(5); sec. 1.469-5T(f)(3), Temporary Income Tax Regs., supra. Spousal attribution may not be used for the purpose of satisfying the 750-hour annual service requirement. See Oderio v. Commissioner, T.C. Memo. 2014-39, at *6.

We need not determine whether petitioner wife was a real estate professional for 2014. Even if she was, the material participation requirements for rental real estate activity were not met. See sec. 1.469-9(e)(1), Income Tax Regs.

A taxpayer's material participation in a rental real estate activity is considered separately with respect to each rental property unless the taxpayer makes an election to treat all interests in rental real estate as a single rental real estate activity. Sec. 469(c)(7)(A); sec. 1.469-9(e)(1), Income Tax Regs. A taxpayer makes the election by "filing a statement with the taxpayer's original income tax return for the taxable year." Sec. 1.469-9(g)(3), Income Tax Regs. The statement must contain a declaration that the taxpayer is a qualifying taxpayer for the taxable year and is making the election pursuant to section 469(c)(7)(A). Id.

[*19] Petitioners did not file with their 2014 income tax return an election to treat their rental properties as a single rental real estate activity. Petitioners sought to make a late election, but they did not file an amended income tax return for 2014 that included a statement requesting an election.[3]

Pursuant to section 301.9100-3(a), Proced. & Admin. Regs., the Commissioner may grant extensions of time to make the election under section 469(c)(7)(A). To make a late election a taxpayer must file an amended return and mail it to the Internal Revenue Service Center where the taxpayer will file its current year tax return and attach the declaration required under section 1.469-9(g)(3), Income Tax Regs. Rev. Proc. 2011-34, 2011-24 I.R.B. 875. Petitioners did not meet these requirements.

Petitioners contend that they met the third of the seven tests for material participation, which requires that the individual participate in the activity more than 100 hours during the taxable year and that the individual's participation in the activity not be less than the participation of any other individual (including individuals who are not owners of interests in the activity) for such year. Sec. 1.469-5T(a)(3), Temporary Income Tax Regs., supra. Petitioner wife testified that

---

[3]Petitioners attempted to make this request in their pretrial memorandum, during trial, and in their posttrial brief.

[*20] she created a log in preparation for the trial and that the log was based on her calendars and notes. These calendars and notes were not produced as evidence.

Petitioner wife contends that she spent 101 hours on rental real estate. Her logbook includes entries for the Isabella property, the Asini property, and for both properties. For the entries that include both properties, the time is not split between the properties. Her logbook shows that she spent at least 26 hours on just the Asini property. These hours cannot count towards the 100 hours for the Isabella property. Petitioner wife's logbook does not show 100 hours for the Isabella property.

Petitioner husband has a logbook, and these hours can be counted towards the 100 hour requirement. He contends that he spent 98.5 hours on rental real estate. He provided no supporting documents or any testimony about the creation of his logbook. Several of his hours for the Isabella property are for hours preceding petitioners' ownership of the property. For work to count towards material participation, the individual who does the work must own an interest in the property at the time the work is done. Sec. 1.469-5(f)(1), Income Tax Regs. We will look only at the hours after the Isabella property had been purchased.

**[\*21]** The entries in both petitioners' logbooks for the Isabella property included several entries for landscaping, including the moving of rocks. Petitioner wife testified that a landscaper was hired for the property. The evidence does not show that the landscaper performed fewer hours of service than petitioners. The entries are vague and often list more than one activity without time allocation. Petitioners' estimates are uncorroborated and do not reliably reflect the hours that they spent on real estate activities. See Bailey v. Commissioner, T.C. Memo. 2001-296, slip op. at 13. We conclude petitioners' loss deduction for 2014 with respect to the Isabella property was properly disallowed.

The log entries for the Asini property were vague and included activities that preceded the purchase of the property. Several entries included work for both properties without dividing up the time spent for each property. There is no supporting documentation for the logbooks. The logs appear to be postevent "ballpark guesstimates" which we are not required to accept.

Even if we accept all of their after-purchase entries for the Asini property, their combined hours do not reach 100 hours. Petitioners have not met their burden of proving that they materially participated in the Asini property activity. Their loss deductions with respect to the Asini property are disallowed for tax year 2014.

**[\*22]** We have considered all of the arguments made by the parties, and to the extent we did not mention them above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>under Rule 155</u>.