T.C. Summary Opinion 2021-30

UNITED STATES TAX COURT

DANIEL P. WHORISKEY AND LEIGH L. WHORISKEY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 577-19S.                    Filed August 23, 2021.

Daniel P. Whoriskey and Leigh L. Whoriskey, pro sese.

Mariano R. Ardaya-Beecher, for respondent.

SUMMARY OPINION

PANUTHOS, Special Trial Judge:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect when the
petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, subsequent section references are to the
(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated October 18, 2018, respondent determined deficiencies in petitioners' Federal income tax for taxable years 2015 and 2016 (years in issue). After concessions,[2] the issues for decision are whether petitioners are entitled to: (1) deduct home mortgage interest expenses on Schedules A, Itemized Deductions, of $5,533 and $22,310 for tax years 2015 and 2016, respectively, and (2) deduct a rental real estate loss on Schedule E, Supplemental Income and Loss, of $42,596 for tax year 2016.

---

[1](...continued)
Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. All dollar amounts are rounded to the nearest dollar.

[2]Petitioners concede that for tax year 2015 they received: (1) an unreported State of Massachusetts income tax refund of $458 originally from petitioners' 2011 taxable year and (2) unreported wages of $962 from the Faculty Practice Foundation, Inc. Respondent concedes that petitioners are not liable for accuracy-related penalties under sec. 6662(a) of $241 and $3,264 for 2015 and 2016, respectively.
The notice of deficiency included additional adjustments to petitioners' Schedules A, disallowing excess miscellaneous deductions of $29 and $852 for tax years 2015 and 2016, respectively. As petitioners failed to present any evidence or argument as to these adjustments, they are deemed conceded. See Rule 149(b).

## Background

Some of the facts have been stipulated, and we incorporate the stipulation and accompanying exhibits by this reference. Petitioners are married and resided in Massachusetts when the petition was timely filed.[3]

### I. Petitioners' Employment

During the years in issue Mr. Whoriskey was employed as a full-time firefighter for the Town of Dedham, Massachusetts, and Mrs. Whoriskey was employed as a nurse practitioner. Mr. Whoriskey also held a real estate license and managed and maintained rental properties that petitioners owned. As a firefighter, Mr. Whoriskey typically worked two 24-hour shifts per week throughout the years in issue. On an eight-day cycle he worked 24 hours on, 24 hours off, 24 hours on, five days off. Employer records show that Mr. Whoriskey worked as a firefighter for 2,332 hours during tax year 2015 and 2,386 hours during tax year 2016.

---

[3]The notice of deficiency was mailed on October 18, 2018, and the 90th day thereafter was Wednesday, January 16, 2019, which day was not a legal holiday in the District of Columbia. See sec. 7503; Rule 25(b). Therefore, January 16, 2019, was the last day for petitioners to timely file a petition with this Court. See sec. 6213(a). The petition was received and filed by the Court on January 28, 2019. The envelope containing the petition is a priority mail express envelope bearing a U.S. Postal Service postmark dated January 14, 2019. We thus treat the petition as timely filed pursuant to sec. 7502(a).

II.     Petitioners' Properties

Over the course of the years in issue, petitioners owned five properties. Their primary residence at the beginning of 2015 was one unit of a three-unit multifamily property on Dana Avenue in Hyde Park, Massachusetts (Dana Avenue property). Petitioners owned the entire Dana Avenue property and rented out the other two units. In April 2015 petitioners sold all three units of the Dana Avenue property and established their primary residence in a single-family home on Addington Road in West Roxbury, Massachusetts (Addington Road property). The Addington Road property remained their primary residence throughout the 2015 and 2016 tax years.

Petitioners owned three additional single-family-home properties, two of which were used as rental properties during the years in issue. The two rental homes were on Grassmere Avenue in East Providence, Rhode Island (Grassmere Avenue property), and Barrows Street in Dedham, Massachusetts (Barrows Street property). Mr. Whoriskey spent approximately 500 hours maintaining the two rental properties in tax year 2016. Finally, petitioners owned a single-family home on Pemberton Street in Walpole, Massachusetts (Pemberton Street property). Petitioners had planned to renovate the Pemberton Street property and move into it as their primary residence. Because of unforseen delays, petitioners completed

only a portion of the renovation and did not reside there before selling the property.

III.     Petitioners' Tax Returns

Petitioners timely filed a joint Form 1040, U.S. Individual Income Tax Return, for each year in issue.  Each tax return was prepared by the same professional tax return preparer.  On their 2015 Form 1040, petitioners listed their home address as an apartment on Dana Avenue in West Roxbury, Massachusetts.[4] For that year, petitioners claimed a $29,919 home mortgage interest expense deduction on line 10 of Schedule A.  Petitioners also claimed a $21,795 deduction for mortgage interest paid relating to the Barrows Street, Dana Avenue, and Grassmere Avenue properties on line 12 of Schedule E.  Neither petitioners' Schedule A nor their Schedule E for tax year 2015 includes a statement describing what portion, if any, of the Dana Avenue property was rented out during that year or allocating the mortgage interest expenses between the qualified residence (i.e., the unit used as petitioners' residence) and other property (i.e., the two rental

---

[4]Petitioners' tax return preparer appears to have mistakenly combined the addresses for their two primary residences in 2015, so that the street address listed on the 2015 Form 1040 is from the Dana Avenue property, while the town and ZIP Code are those of the Addington Road property.

units) pursuant to section 1.163-10T(p)(4)(i) and (ii), Temporary Income Tax Regs., 52 Fed. Reg. 48418 (Dec. 22, 1987).

Petitioners listed the Addington Road property as their home address on their 2016 Form 1040. That year, petitioners reported adjusted gross income (AGI) of $155,615. They claimed a $34,752 mortgage interest expense deduction on line 10 of their 2016 Schedule A and $18,466 of additional mortgage interest paid relating to their rental properties on line 12 of their 2016 Schedule E. Petitioners reported real estate losses of $42,596 for tax year 2016.

IV.    Notice of Deficiency

The Internal Revenue Service examined petitioners' tax returns for the years in issue. On the basis of third-party reported information, respondent disallowed $5,533 of petitioners' $29,919 claimed Schedule A mortgage interest expense deduction for 2015 and $22,310 of petitioners' $34,752 claimed Schedule A mortgage interest expense deduction for 2016. Respondent disallowed the entire $42,596 rental real estate loss deduction claimed on petitioners' 2016 Schedule E. By notice of deficiency respondent determined deficiencies in petitioners' Federal income tax of $1,203 for tax year 2015 and $16,320 for tax year 2016.

## Discussion

I.      Burden of Proof

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction claimed.  See Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Taxpayers must maintain adequate records to substantiate the amounts of any deductions.  See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances.  Taxpayers must produce credible evidence with respect to any relevant factual issue in determining tax liability for the burden of proof as to that issue to shift to respondent.  Sec. 7491(a)(1).  Petitioners did not allege or otherwise show that section 7491(a) applies.  See sec. 7491(a)(2)(A) and (B).  Therefore, petitioners bear the burden of proof.  See Rule 142(a).

II.     Mortgage Interest Expense Deductions

As a general rule, a taxpayer may deduct "all interest paid or accrued within the taxable year on indebtedness." Sec. 163(a). Section 163(h) prohibits an individual taxpayer from deducting personal interest paid or accrued during the taxable year. As an exception to this rule, a deduction is generally allowable for "qualified residence interest", which includes "acquisition indebtedness" with respect to any qualified residence of the taxpayer. Sec. 163(h)(2)(D), (3)(A)(i). Acquisition indebtedness is defined as debt that is used to acquire, construct, or substantially improve a "qualified residence" and that is secured by that residence. Sec. 163(h)(3)(B)(i). New debt to refinance old acquisition indebtedness is also acquisition indebtedness for purposes of section 163(h)(3)(A)(i) as long as it is not more than the refinanced debt. Sec. 163(h)(3)(B)(i).

A taxpayer may claim only two homes as qualified residences, including the taxpayer's principal residence, which is determined under all the facts and circumstances. Secs. 163(h)(4)(A)(i)(I), 121(a); sec. 1.121-1(b)(1) and (2), Income Tax Regs. (providing that for a taxpayer using more than one residence, the principal residence is the residence the taxpayer uses for most of the time during the year). A taxpayer may also elect a residence other than the principal residence to be a qualified residence for purposes of the interest deduction if the

taxpayer uses it as a residence for the greater of 14 days, or 10% of the days the home is rented out. Secs. 163(h)(4)(A)(i)(II), 280A(d)(1). In general, where taxpayers rent out part of a qualified residence, the rented portion of the property and the proportionate share of the purchase price and related mortgage interest expenses are not part of the qualified residence mortgage interest expense deduction. Sec. 1.163-10T(p)(4)(i) and (ii), Temporary Income Tax Regs., supra.

Petitioners argue that the amounts reported as home mortgage interest expenses on their Schedule A for each year in issue include mortgage interest expenses related to the Dana Avenue property, the Addington Road property, and the Pemberton Street property that they were renovating in Walpole, Massachusetts.

We conclude from the record that petitioners' primary residence until April 2015 was the Dana Avenue property. At trial Mr. Whoriskey testified that the Dana Avenue property was a three-unit residential building and that petitioners lived in one of the units and rented out the other two units until the property was sold in April 2015. After the property was sold, petitioners moved to the Addington Road property, which remained their primary residence through the 2016 tax year.

Petitioners have the burden of proving that respondent's determination incorrectly disallowed a portion of their claimed Schedule A mortgage interest expense deduction for each year in issue. They have not done so. Petitioners have not provided any records, such as Forms 1098, Mortgage Interest Statement, checks, bank statements, mortgage loan documents, or other similar records, to substantiate the amounts they reported as home mortgage interest expenses on Schedule A for either year in issue. Petitioners did not present any documentary evidence regarding what portion of the Dana Avenue property served as a qualified residence and what portion, if any, was rented out during tax year 2015. Similarly, they did not provide any evidence to explain which portion of the home mortgage interest expenses reported for tax year 2015 applied to the Dana Avenue property and which portion applied to the Addington Road property. Petitioners neither claimed the Pemberton Street property as a second residence under section 163(h)(4)(A)(i)(II) during either year in issue nor presented any evidence that they were qualified to do so. Accordingly, we sustain respondent's determinations disallowing $5,533 of petitioners' claimed Schedule A mortgage interest expense deduction for tax year 2015 and $22,310 of petitioners' claimed Schedule A mortgage interest expense deduction for tax year 2016.

III.     2016 Rental Real Estate Losses

Sections 162 and 212 permit taxpayers to deduct certain business and investment expenses.  If a taxpayer is an individual, however, section 469(a) generally disallows any "passive activity loss" for the taxable year.  A passive activity loss is defined as the excess of the aggregate losses from all passive activities for that year over the aggregate income from all passive activities for such year.  Sec. 469(d)(1).  A passive activity is any trade or business in which the taxpayer does not materially participate.  Sec. 469(c)(1).  Rental activity is generally treated as a per se passive activity regardless of whether the taxpayer materially participates.  Sec. 469(c)(2).

Two principal exceptions to the general rule that rental real estate activities are per se passive activities are for:  (1) passive activity losses up to $25,000 under section 469(i) and (2) certain taxpayers in real property trades or businesses (real estate professionals) under section 469(c)(7).  Moss v. Commissioner, 135 T.C. 365, 368 (2010).  Section 469(i) allows taxpayers who "actively participated" in rental real estate activities during any taxable year to deduct up to $25,000 of the passive activity losses attributable to those activities in such year.  Sec. 469(i)(1) and (2).  This exception begins to phase out when a taxpayer's AGI exceeds $100,000 and phases out entirely when AGI reaches $150,000.  See sec. 469(i)(3).

Because petitioners' AGI for tax year 2016 exceeded $150,000, the active participation exception does not apply in this case.

Under the second exception, rental activities of real estate professionals are not considered per se passive activities if the taxpayer performs: (1) more than one-half of all personal services in trades or businesses for that year in real property trades or businesses in which the taxpayer materially participates, and (2) more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates. Sec. 469(c)(7)(A) and (B). Material participation requires involvement by the taxpayer which is regular, continuous, and substantial. Sec. 469(h)(1).[5]

Taxpayers may establish hours of participation in real property trades or businesses by reasonable means. Moss v. Commissioner, 135 T.C. at 369; Hakkak v. Commissioner, T.C. Memo. 2020-46 at *15-*16; Sec. 1.469-5T(f)(4), Temporary Income Tax Regs., 53 Fed. Reg. 5727 (Feb. 25, 1988). Reasonable means include the identification of services performed and the approximate number of hours spent working in such real estate business as shown through

_____

[5]Material participation includes participation by a taxpayer's spouse. Sec. 469(h)(5). Spouses filing a joint return qualify for the exception only if one spouse separately satisfies both service requirements of sec. 469(c)(7)(B). Sec. 1.469-9(c)(4), Income Tax Regs.

appointment books, calendars, or narrative summaries. Sec. 1.469-5T(f)(4), Temporary Income Tax Regs., supra. We have held that the regulations do not allow a postevent "ballpark guesstimate" of hours of participation. See Moss v. Commissioner, 135 T.C. at 369.

Respondent contends that Mr. Whoriskey does not satisfy the requirements to be considered a real estate professional under section 469, and thus petitioners have not met the burden of proving that they qualify for an exception to the passive activity disallowance of their rental real estate loss deduction for tax year 2016. We agree.

Petitioners have not provided any records that would substantiate that more than one half of the services they performed during 2016 were in a real property trade or business. See sec. 469(c)(7)(B)(i). The only evidence in the record weighs against that proposition. At trial Mr. Whoriskey testified that he regularly worked two 24-hour shifts per week as a firefighter throughout tax year 2016. This testimony corresponds with pay records in evidence from Mr. Whoriskey's employer, the Town of Dedham, Massachusetts, establishing that he worked more than 40 hours per week that year. Forms W-2, Wage and Tax Statement, issued by Mrs. Whoriskey's employers establish that she worked two jobs as a nurse practitioner during 2016.

Further, petitioners have not provided records that they performed more than 750 hours of services in real property trades or businesses. See sec. 469(c)(7)(B)(ii). Mr. Whoriskey testified that he spent an estimated 500 hours managing and maintaining petitioners' rental properties in 2016. This "ballpark guesstimate" is significantly less than the 750 hours of services required to meet the qualifications of section 469(c)(7). Although Mr. Whoriskey testified that he spent many additional hours renovating the Pemberton Street property that year, he did not provide any evidence showing the amount of time spent in the performance of such work, nor was the Pemberton Street property listed on petitioners' 2016 Schedule E.

While Mr. Whoriskey held a real estate license during 2016, merely holding a license without records documenting the hours spent and services he provided in support of a real property business is not sufficient. On the basis of this record we conclude that petitioners do not qualify for the real estate professional exception under section 469(c)(7). Accordingly, we sustain respondent's determination disallowing the $42,596 rental real estate loss deduction claimed on petitioners' 2016 Schedule E.

We have considered all of the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent as to the deficiencies and for</u>

<u>petitioners as to the accuracy-related</u>

<u>penalties under section 6662(a)</u>.